WICKER, Judge.
Darren Alexander, the plaintiff in this worker’s compensation proceeding, appeals the dismissal of his suit against Landmark Hotel and Towers and Louisiana Restaurant Association, Inc., Self Insuror’s Fund. The defendants are his employer and its insurer respectively. The issue is whether *1144 or not Alexander’s inguinal hernia resulted from a slip and fall accident at work. We affirm.
Alexander worked as a line cook for Landmark. He was twenty-four years old at the time of the accident. He picked up a heavy bowl; and then he slipped and fell, hurting his back and burning his arm.
The Louisiana Office of Worker’s Compensation Administration recommended payment of benefits to Alexander of $666.55 and medicals of $1,450.50, which were paid. Alexander rejected the recommendation and filed suit, alleging entitlement to additional benefits for his back problem and penalties and attorney’s fees. He later supplemented his petition to add a claim for the development of a left inguinal hernia.
Trial of the case resulted in the dismissal of Alexander’s claims against Landmark and its insurer. The judge concluded that Alexander had failed to prove his hernia was job related. We agree that none of the evidence, including Alexander’s own testimony, sufficed to show the requisite relationship.
In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment; that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter.
La.R.S. 23:1221(4)(r). Even if we assume that “the disability is presumed to have resulted from the on-the-job accident and it was defendants’ burden to disprove the presumed causal connection” [Tassin v. New Orleans Delivery Service, 550 So.2d 1214, 1216 (La.App. 5th Cir.1989)], we believe that Landmark has met its burden.
Alexander suffered a previous but untreated work-related back injury in December of 1988, followed by the injury of January 25, 1989, which is the injury at issue here. He went to the emergency room at East Jefferson Hospital with complaints of pain in the right lumbar area and left side. The ER doctor ordered X-rays and prescribed Tylenol # 4, Flexeril, rest, and followup. The next day Alexander reported to Pierre Espernan, M.D., an expert in occupational medicine; and there were no complaints or evidence of a hernia. Dr. Espeman’s impression was a contusion to the back. His partner, Dr. Ewing, saw Alexander again on January 28 and discharged him to return to work. The doctor’s report to Landmark noted a diagnosis of contusion to the right cervical vertebral area and strain to the latissimus dorsi muscle. Alexander received in-office treatment of hot packs and ultrasound.
Complaining of continuing back and side pain, Alexander went to an attorney who sent him to Henry Evans, M.D., aka Evans Family Practice Clinic, and his associate Dr. Kroll. The first visit was February 1, 1989. From that date until discharge on October 25,1989, Alexander reported every week, sometimes two or three times a week, to Evans’ clinic for therapy. Dr. Evans and/or his associates also prescribed Robaxin and Motrin. On March 29, 1989, Dr. Evans reported to Landmark his impression that Alexander had a lumbar dorsal sprain and was totally disabled and unable to return to work. Not until June 8 did Alexander complain of having a hernia problem; and Dr. Evans reported to Landmark his diagnosis of left inguinal hernia on June 22, 1989.
In the meantime, the Office of Worker’s Compensation referred Alexander to Gordon Nutik, M.D., an orthopedist, on March 8 or 9, 1989. Dr. Nutik heard Alexander complain of a pulling pain in his back when using the toilet and a funny feeling in the buttocks. His physical and x-ray examinations were both normal, and Dr. Nutik found nothing clinical to indicate a disability. He believed Alexander had sustained a soft tissue strain which had had adequate time to resolve.
Alexander, unable to afford private medical care, eventually went to Charity Hospital’s emergency room for treatment of his hernia in September of 1989. At that time, he noted that he had been suffering with the hernia for about three months. The hernia was repaired on September 26, and Alexander was discharged with instructions to do no heavy lifting for six weeks.
*1145 Alexander claims to be still unable to do heavy work as of November 1990, and at the trial he testified he was working cleaning up offices.
The most important medical testimony came from Dr. Espeman: the type of fall Alexander had cannot cause hernias. If a preexisting defect had been aggravated by trauma, the symptoms — swelling, pain, and discomfort in the groin area — should appear immediately. Dr. Espernan concluded Alexander’s hernia was not job related. He did concede, however, on cross-examination, that a person could go for years with a hernia without noticing it. The transcript reveals that Alexander’s attorney declined to question his own expert, Dr. Evans, about a causal relationship between the fall and the hernia.
Considering this medical opinion testimony [or lack of it] and the lapse of some five or six months between Alexander’s accident and his first complaints of pain and swelling in the groin, we do not believe the judge was clearly wrong in dismissing Alexander’s worker’s compensation, penalties, and attorney’s fee claims. The judge’s conclusions are entitled to great deference. Rosell v. ESCO, 549 So.2d 840 (La.1989). We affirm the dismissal of Darren Alexander's suit against Landmark Hotel and Towers and Louisiana Restaurant Association, Inc., Self Insuror’s Fund, and therefore pretermit a ruling on any other issues.
AFFIRMED.